UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11826-RGS

JESSE CAMACHO,
Petitioner

v.

MICHAEL ZENK,
Respondent

MEMORANDUM AND ORDER
ON THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

August 22, 2019

STEARNS, D.J.

I agree with Magistrate Judge Dein that neither of the two grounds advanced by petitioner Camacho merit the grant of habeas relief. In the first instance, the Supreme Judicial Court's (SJC) determination that the Commonwealth did not withhold exculpatory evidence – that is, the possible gang affiliation of participants in the brawl in which the petitioner murdered the victim – was not unreasonable. Even if such evidence existed (the SJC appears to have been skeptical), it was never shown to have been in the possession of the Commonwealth. It has long been the rule that a prosecutor's duty to disclose potentially exculpatory evidence, as mandated

by *Brady v. Maryland*, 373 U.S. 83 (1963), does not extend beyond evidence accessible to her and her agents. As the SJC observed in an earlier case discussing *Brady*, a "prosecutor cannot be said to suppress that which is not in his possession or subject to his control." *Commonwealth v. Donahue*, 396 Mass. 590, 596 (1986); *see also United States v. Bender*, 304 F.3d 161, 164 (1st Cir. 2002) ("Neither the relevant Supreme Court precedent under *Brady* nor our decision in [*United States v.*] *Osorio*[, 929 F.2d 753 (1st Cir. 1991)] requires a prosecutor to seek out and disclose exculpatory or impeaching material not in the government's possession.").

Second, I agree with Magistrate Judge Dein that the SJC correctly identified and applied the constitutional standard governing claims of ineffective assistance of counsel, as it was set out in *Strickland v. Washington*, 466 U.S. 668 (1984). As *Strickland* made clear, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." *Id.* at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound

trial strategy.'" *Id.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see also United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978) (counsel's conduct is considered reasonable if it falls "'within the range of competence demanded of attorneys in criminal cases.'"), quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970). Here, the crux of petitioner's complaint about his counsel's performance is centered on counsel's failure to accurately predict the degree of murder that the jury would ultimately find. Clairvoyance is not the standard against which a counsel's performance is measured. *See Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006) (a lawyer's performance under *Strickland* is deficient "only where, given the facts known at the time, counsel's advice was so patently unreasonable that no competent attorney would have made it.").

In sum, the Recommendation is ADOPTED and the petition is DISMISSED with prejudice.[1] Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED, the court seeing

---

[1] On August 21, 2019, petitioner through counsel filed an Objection to the Report and Recommendation that for the most part repeats the arguments made below in support of the Petition without identifying any flaws in the reasoning of the Magistrate Judge's Report or in the conclusions that she reached.

3

no meritorious or substantial basis supporting an appeal. The Clerk is instructed to enter the dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE